UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ALPHONSO WILLIAMS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 05 C 6807 |
| WALSH CONSTRUCTION, | ) Judge John W. Darrah |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Alphonso Williams, filed suit against Defendant, Walsh Construction, alleging race discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964. Presently before the Court is Defendant's Motion for Reassignment of an allegedly related case pursuant to Local Rule 40.4.

## BACKGROUND

On December 1, 2005, Williams filed suit in this Court against his former employer, Walsh Construction ("the Williams case"). Williams alleged that he was employed by Walsh from September 2000 until his termination on February 10, 2002. At the time of his termination, Williams was a Labor Supervisor. Based on Williams' race, African-American, Walsh: reduced his hours of work; denied him the means to perform his duties, including tools and a truck to carry tools; treated non-African-American employees more favorably; denied Williams' incentive and bonus pay; and forced Williams to single out other African-American employees for termination. Williams' claims are: race discrimination, harassment, and retaliation in Violation of Title VII and 42 U.S.C. § 1981.

In early 2006, the parties in the Williams case engaged in settlement negotiations, which were unsuccessful. Thereafter, the case was scheduled for a April 30, 2007 jury trial, with discovery closing on December 26, 2006, and a pretrial conference scheduled for April 26, 2007.

On July 28, 2006, Wallace Bolden and eleven other named plaintiffs filed a class-action complaint against Walsh ("the Class Action"). This later suit, 06 C 4104, was assigned to Judge Joan H. Lefkow. The named plaintiffs in the Class Action were laborers, labor supervisors, and labor foremen. The Class Action alleges that Walsh discriminated against African-American employees from January 2001 though the present by laying-off, discharging, constructively discharging, and/or failing to hire African-Americans. The eleven counts of the Class Action are race discrimination, retaliation, and termination in violation of Title VII and 42 U.S.C. § 1981. The allegations that form the basis of the claims include: a hostile work environment, disparate impact, denial of overtime, receipt of more dangerous assignments because of race, retaliation for complaining of sexual harassment, and refusal to hire or rehire based on race.

Pursuant to Judge Lefkow's October 31, 2006 Minute Order, non-expert class-certification discovery for the Class Action is to be completed by June 15, 2007; and plaintiffs' motion for class certification is to be briefed as follows: motion to be filed by November 16, 2007, response due by December 14, 2007, and reply brief due by January 28, 2008.

Williams and the Class Action plaintiffs oppose reassignment of the Class Action.

**LEGAL STANDARD**

In reviewing a motion to reassign a case on the basis of relatedness, the moving party must satisfy the requirements of both LR 40.4(a) and 40.4(b). *Hollinger International, Inc. v. Hollinger, Inc.*, 2004 WL 1102327, at *1 (N.D. Ill. May 5, 2004) (*Hollinger*). The court has discretion to

reassign the case pursuant to LR 40.4. *Clark v. Ins. Car Rentals Inc.*, 42 F.Supp.2d 846, 847 (N.D. Ill. 1999) (*Clark*). Under LR 40.4(a), "[t]wo or more civil cases may be related if: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class-action suits, one or more of the classes involved in the cases is or are of the same." LR 40.4. Only one of the above conditions must be met to satisfy LR 40.4(a).

Once the cases are determined to be related under LR 40.4(a), LR 40.4(b) requires more stringent criteria for the case to qualify for reassignment. *See Clark*, 42 F. Supp. 2d at 848. LR 40.4(b) requires that to be reassigned: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later-filed case as related would be likely to substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding." Under 40.4(b)(2), the judicial savings alleged by the moving party must be substantial; a mere assertion that some judicial time and effort would be saved by reassignment is insufficient. *Hollinger*, 2004 WL 1102327 at *2 (citing *Lawrence Jaffe Pension Plan v. Household Int'l, Inc.*, 2003 WL 21011757 at *2 (N.D. Ill. May 5, 2003)). Likewise, if the cases will require different discovery, legal findings, defenses or summary judgment motions, it is unlikely that reassignment will result in a substantial judicial savings. *See Hollinger*, 2004 WL 1102327 at*2; *Donahue v. Elgin Riverboat Resort*, 2004 WL 2495642 at *1 (N.D. Ill. Sept. 28, 2004) (*Donahue*). Also, cases are rarely susceptible to disposition in one proceeding pursuant to 40.4(b)(4) where the cases involve unique issues of law and fact and those unique characteristics are dominant. *See Machinery Movers, Riggers, and Machinery Erectors, Local 136 Defined*

*Contribution Retirement Fund v. Joseph/Anthony, Inc.*, 2004 WL 1631646 at *4 (N.D. Ill. July 16, 2004) (*Machinery Movers*) (citing *Clark*, 42 F. Supp. 2d at 849); *see also Donahue*, 2004 WL 2495642 at *1 (motion to reassign denied where all cases involved Title VII claims, but each case was based on a unique set of facts different from every other case involved).

In addition, LR 40.4(c) requires that a motion to reassign: "(1) set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a) and (2) indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related." These provisions "impose an obligation on the moving party to specifically identify why each of the four conditions under LR 40.4(b) is met." *Machinery Movers*, 2004 WL 1631646 at *3 (N.D. Ill. July 16, 2004); *Lawrence Jaffe Pension Plan*, 2003 WL 21001757 at *3. Thus, a motion for reassignment may be denied if a party fails to sufficiently plead each of 40.4(b)'s requirements. *Machinery Movers*, 2004 WL 1631646 at *3.

## ANALYSIS

Both cases involve *some* of the same issues of fact or law; accordingly, the cases are related under LR 40.4(a). However, Walsh has failed to demonstrate that the cases satisfy all of the requisite criteria of LR 40.4(b). While the cases are both pending in court in this district, Walsh has failed to demonstrate that: (1) handling of both cases would likely result in a substantial savings of judicial time and effort; (2) the Williams case has not progressed to a point where reassigning the later-filed case would likely substantially delay the proceedings in the Williams case; and (3) the cases are susceptible of disposition in a single proceeding.

Walsh argues that reassigning the Class Action would likely result in a substantial savings of judicial time and effort because of the similar allegations and claims between the plaintiffs. While some of the claims and allegations are similar in both suits, the Class Action contains allegations and claims that are not present in the Williams suit. The most obvious distinction is the extensive discovery and motion practice involved in the class allegations that are not present in the Williams case. Furthermore, in light of the different claims and specific supporting allegations, a finding in one case would not likely be dispositive of any issues in the other cases. *See Donahue,* 2004 WL 2495642 at *3. Thus, the cases are not likely to reach disposition in a single proceeding.

More significantly, the Williams case has progressed to a point where reassigning the Class Action would substantially delay the proceedings in the Williams case. The parties in the Williams case have unsuccessfully attempted to settle the case. Discovery in the Williams case is scheduled to close December 26, 2006; and trial is scheduled for April 30, 2007. On the other hand, non-expert class discovery for the Class Action is not scheduled to close until June 15, 2007; and the motion for class certification will not be fully briefed until January 28, 2008. Accordingly, without reassignment, the Williams case is scheduled to progress through trial before non-expert class discovery is scheduled to close and more than six months before the motion for class certification will be decided. Clearly, reassignment would result in a *significant* delay in the Williams case if the class-action discovery, briefing and certification schedule were imposed on this case through reassignment of Judge Lefkow's case to this Court.

Based on the above, LR 40.4(b) has not been met. Accordingly, Walsh's Motion for Reassignment is denied.

## CONCLUSION

For the reasons stated above, Walsh's Motion for Reassignment is denied.

Dated: January 16, 2007

JOHN W. DARRAH
United States District Court Judge